UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| U.S. Commodity Futures Trading Commission, | ) ) ) | C/A No.: 8:13-cv-00327-GRA |
| Plaintiff, | ) ) ) | **ORDER** |
| v. | ) ) | |
| Robert Stanley Harrison, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

This matter comes before the Court on Plaintiff U.S. Commodity Futures Trading Commission's ("Plaintiff") application for entry of default against Defendant Robert Stanley Harrison ("Defendant") (ECF No. 38) and Defendant's "Unopposed Motion for Leave to File Answer *Instanter* and Response in Opposition to Motion for Clerk's Entry of Default" (ECF No. 39). For the reasons stated herein, the Court shall DENY Plaintiff's application for entry of default and GRANT Defendant's Motion for Leave to File Answer *Instanter*.

## Procedural History

Defendant was served with the complaint on February 7, 2013. *See* ECF No. 18. Accordingly, under Rule 12 of the Federal Rules of Civil Procedure, he had until February 28, 2013 to file his answer. On February 27, 2013, Defendant filed a *pro se* Motion for Extension of Time to File an Answer, which the Court denied. ECF Nos. 23 & 24. Later that day, Defendant filed an Emergency Motion for Reconsideration and moved pursuant to Local Rule 12.01, D.S.C. and Plaintiff's consent for a seven-day extension of time to file an answer and also for an additional extension of time to

April 8, 2013, which was opposed by Plaintiff. See ECF Nos. 28 & 32. The Court, in its discretion, denied the Motion for Reconsideration on March 1, 2013 and kept the deadline for Defendant to file his answer on February 28, 2013. Plaintiff requested an entry of default by the clerk on March 4, 2013 after Defendant had failed to answer. ECF No. 38. Defendant filed his present "Unopposed Motion for Leave to File Answer *Instanter* and Response in Opposition to Motion for Clerk's Entry of Default" on the same day. ECF No. 39.

## Discussion

Under Rule 55(a) of the Federal Rules of Civil Procedure, the clerk is directed to enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed.R.Civ.P. 55(a). The clerk has not yet entered a default in this case. Nevertheless, it is within a district court's "sound discretion" in deciding whether to direct that entry of default be made as to a party. *Brown v. Weschler*, 135 F.Supp. 622, 624 (D.D.C. 1955).

Generally, there is a preference that "defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). The Court has the discretion to set aside any entry of default upon a showing of "good cause." Fed.R.Civ.P. 55(c). The Fourth Circuit, in *Payne ex rel. Estate of Calzada v. Brake,* 439 F.3d 198, 203 (4th Cir.2006), stated:

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

*Payne*, 439 F.3d at 204–05.  Moreover, "delay in and of itself does not constitute prejudice to the opposing party."  *Colleton Preparatory Acad., Inc.*, 616 F.3d at 418.

In this case, Plaintiff fails to show prejudice that would merit an entry of default.  Defendant has delayed only four days in filing his answer, and this delay has not caused any prejudice to Plaintiff.  Thus, because of the preference that claims and defenses be disposed of on their merits, the Court finds that an entry of default is not warranted in this case.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Entry of Default against Defendant Robert Stanley Harrison is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Unopposed Motion for Leave to File Answer *Instanter* is GRANTED.  The clerk is directed to docket Defendant's Answer.

**IT IS SO ORDERED.**

*[signature]*

G. Ross Anderson, Jr.
Senior United States District Judge

March  5 , 2013
Anderson, South Carolina